## MACK v. PARSONS ET AL.

A son-in-law is not holden for the support of his wife's parents.

ERROR from the Court of Common Pleas.    The selectmen of the town of Lyme, brought their petition to the Court of Common Pleas, setting forth — " That Samuel Bennet, of said Lyme, by reason of age and infirmity, has become poor, impotent, and unable to maintain himself; and that he has no estate wherewith it may be done:    That Elizabeth Mack, of said Lyme, is the daughter of said Bennet, and lawful wife of Josiah Mack; and that said Josiah Mack is possessed, in said Lyme, of a large and plentiful estate, and is abundantly able to maintain and support his wife's said father; and that said Josiah is the only relation able to maintain said Samuel; therefore praying the court to order and decree, that he provide for and support said Samuel, agreeably to the statute in such case provided."    By which statute it is enacted, " That when and so often as it shall happen, that any person or persons shall be naturally wanting of understanding, so as to be incapable to provide for themselves; or by the providence of God shall fall into distraction, and become *non compos mentis;* or shall, by age, sickness, or otherwise, become poor and impotent, and unable to support or provide for themselves; and having no estate wherewithal they may be supported and maintained, then they, and every of them, shall be provided for, taken care of, and supported

Mack v. Parsons et al.

by such of their relations as stand in the line or degree of father or mother, grandfather or grandmother, children or grandchildren, if they are of sufficient ability to do the same."

The respondent demurred; but the Court of Common Pleas adjudged, that the facts stated were sufficient to warrant a decree; and thereupon did decree, that the plaintiff in error should support said Samuel, agreeably to the prayer of the petition.

Two exceptions were taken to this decree.

1. That the statute extends to natural relations only, by force of which a person is obliged to support his relations by blood (if needy) within the degrees mentioned in the statute, and no others.

2. That if there is any liability, it is a duty of the wife, which is thrown upon the husband, in consequence of the marriage; and therefore, the wife ought to have been joined in the process.

And the judgment was reversed.

By the whole COURT. A son-in-law is not holden for the parents' support within the words of the statute; nor is he within the intent of it, which is merely to enforce the law of nature, or the mutual obligation of support between parent and child, resulting from that law, or their natural relation to each other;— and so has been the exposition of the statute of England, expressed in like terms. 2 Str. 955, Rex v. Dempson; see Rex v. Munden, 1 Str. 190. *There

---

* Note.— The English statute, 43 Elizabeth, cap. 2, is expressed in these words: — "That the father and grandfather, and the mother and grandmother, and the children of every poor, old, blind, lame or impotent person, or other poor person not able to work, being of

the son-in-law was adjudged to be not holden, though he received a good fortune with his wife.    Here none was received.

a sufficient ability, shall, at their own charges, relieve and maintain every such poor person, in that manner, and according to that rate, as by the justices of the peace of that county where such sufficient persons dwell, or the greater number of them, at their general quarter sessions, shall be assessed."